IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN J. WYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 02-1346-GMS |
| | ) |
| JUANITA CLARK and ELIZABETH BURRIS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Warren J. Wyant ("Wyant"), an inmate housed at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendant, Juanita Clark ("Clark"), failed to provide adequate medical treatment for his tooth pain when his temporary dental filling fell out. Pending before the court is Clark's motion to dismiss the complaint on that basis that Wyant failed to exhaust all administrative remedies. (D.I. 133.) Wyant opposes the motion. (D.I. 135.) Clark filed a reply, and also pending is Wyant's motion to strike the reply. (D.I. 139.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because Wyant proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

In *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004), the United States Court of Appeals

for the Third Circuit held that "given that the exhaustion issue turns on the indisputably authentic documents related to grievances, they may be considered without converting a motion to dismiss to a motion for summary judgment. *Id.* at 223 (citing *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003)). *See also Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (in appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). Accordingly, the court may consider the grievances without converting the instant motion to dismiss to a motion for summary judgment.

### III. BACKGROUND

With respect to Clark, the complaint alleges that on May 17, 2001, Wyant lost a temporary filling for the second time while at the DCC. As a result of the lost filling, he experienced acute pain and suffering that interfered with his daily functions, including eating, sleeping, and exercising. On the same date May 17, 2001, Wyant filed a sick call slip, but did not receive medication, an examination, or any treatment for his dental needs. On June 28, 2001, Wyant resubmitted the sick call slip, but Clark still failed to examine him, or provide medication or any other treatment. On September 6, 2001, Wyant submitted another sick call slip for his dental needs. Clark was well aware of Wyant's documented and reoccurring serious dental needs, as well as his unnecessary acute pain and suffering, but exacerbated his condition by: (1) knowingly providing belated and inadequate treatment; (2) failing to provide a timely examination and treatment, even though she knew that his condition was reoccurring; and (3) failing to provide pain medication during the interim between the recurrence of the lost filling and the belated examination. As a result, Wyant suffered acute pain for five months prior to his

examination by Clark. In response to the above events, Wyant alleges that he filed an Emergency Medical Grievance ("EMG") on November 9, 2001, to which he received no response. *See* D.I. 2, ¶ 48.

On September 29, 2004, the court granted Correctional Medical Service, Inc.'s ("CMS"), motion to dismiss, holding that Wyant had failed to exhaust all available administrative remedies. (D.I. 44.) Clark argues the allegations against her are the same, or substantially similar, to those asserted against CMS and stem from the same facts as the allegations which were made against CMS. Clark contends that the court should dismiss the case against her because Wyant has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Wyant filed an opposition to the motion and Clark filed a reply. Wyant's opposition contains a number of exhibits, none of which are relevant to the present motion.

## IV. DISCUSSION

### A. Administrative Remedies

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v.*

*Bock*, –U.S.–, 127 S.Ct. 910 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Under *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to brining suit in federal court." *Id.* at 2384. As long as there is a shared factual basis between the two, perfect overlap between the grievance and a complaint is not required by the PLRA. *See Woodford*, 126 S.Ct. at 2388. The PLRA does not require the grievance and complaint to be identical because inmates are required to complete the applicable administrative prison (such as a grievance procedure) even when seeking a form of relief that the prison cannot provide, so long as the prison can afford some sort of relief. *See Booth v. Churner*, 532 U.S. 731 (2001).

The Delaware Department of Correction follows certain procedures for filing of a grievance. When an emergency grievance is filed, it is immediately addressed by the Warden/ Warden's Designee ("WWD"). Also, a copy of the grievance is sent to the Inmate Grievance Chair upon receipt by the WWD. The WWD responds within one calendar day. Appeals of the WWD's decision are decided by the Bureau Chief of Prisons within one calendar day upon receipt of the emergency appeal. If the WWD determines that the grievance does not meet the emergency criteria, the grievance is returned to the inmate for processing through the normal inmate grievance process steps. (D.I. 133, ex. 2, DOC Policy 4.4 at 6 (revised May 15, 1998)).

Wyant argues that he exhausted his administrative remedies available to him in that he

was provided the relief he sought. He argues that since he obtained the relief he sought, it barred him from appealing because there is nothing to grieve and, and therefore, no other administrative remedies are available.

On September 29, 2004, this court determined the issue of exhaustion with regard to the claims against CMS. *See* D.I. 43. As Clark correctly notes, the claims against her are the same or substantially similar to those asserted against CMS and stem from the same facts as the allegations which were alleged against CMS. The court found that Wyant filed an EMG on November 9, 2001, using the emergency grievance procedure. *Id.* at 5. On December 1, 2002, Wyant filed another medical grievance concerning the deliberate indifference of his dental needs. *Id.* The grievance states that Wyant received a response dated November 20, 2001, stating that he was seen and an order submitted for Wyant to see a specialist. *Id.* Wyant was advised that he would have to wait until that could be arranged and that if he continued to have discomfort to put in a sick call slip for more medication. *Id.* Hence, rather than appeal the emergency grievance, Wyant filed another grievance. This court stated, "[a]ccording to the prisoner grievance procedure, if Wyant was not satisfied with the Warden's or Warden's Designee's response, the next required step was to file an appeal to the Bureau Chief of Prisons. Wyant, however, did not file an appeal, but instead filed this lawsuit." *Id.* The court concluded that Wyant had failed to exhaust his administrative remedies. Based upon the foregoing, it is evident that Wyant did not exhaust his administrative remedies and, therefore, the court will grant Clark's motion to dismiss.

### B. Medical Malpractice

Paragraph 145(x) of the complaint seeks relief against Clark on the basis of medical

malpractice. (D.I. 2.) Pursuant to 28 U.S.C. § 1915(e)(2) the court shall dismiss a case at any time if it determines that the action is frivolous or fails to state a claim upon which relief may be granted. The court has reviewed the record and finds that Wyant failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1) when pursuing a medical malpractice claim. Inasmuch as Wyant has not filed the required affidavit, the court will dismiss *sua sponte* the medical malpractice claim raised against Clark for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant Clark's motion to dismiss for Wyant's failure to exhaust his administrative remedies, and will *sua sponte* dismiss the medical malpractice claim for Wyant's failure to file a certificate of merit. (D.I. 133.) The court will deny Wyant's motion to strike defendant's reply. (D.I. 139.) An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Feb 12, 2008
Wilmington, Delaware

FILED
FEB 1 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN J. WYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 02-1346-GMS |
| | ) |
| JUANITA CLARK and ELIZABETH BURRIS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 12th day of Feb., 2008, for the reasons set forth in the Memorandum issued this date

1. The motion to dismiss filed by Juanita Clark is **GRANTED** (D.I. 133.) and the medical malpractice claim against Juanita Clark is **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Juanita Clark is **DISMISSED** as a defendant.

2. Warren J. Wyant's motion to strike defendant's reply (D.I. 139.) is **DENIED**.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 14 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE