IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WARREN J. WYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 02-1346-GMS |
| | ) | |
| ELIZABETH BURRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Warren J. Wyant ("Wyant"), an inmate housed at the James T. Vaughn Correctional Center, formerly the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2.) He alleges that the defendant, Elizabeth Burris ("Burris"), at the time the Acting Warden of DCC, subjected him to dangerous conditions of confinement in violation of the Eighth and Fourteenth Amendment of the United States Constitution. Pending before the court is Burris' motion for summary judgment. (D.I. 146, 147.) Wyant opposes the motion. (D.I. 150.) Burris filed a reply, and also pending is Wyant's objection and/or motion to strike the reply. (D.I. 153.)

**II. BACKGROUND**

The complaint alleges that on July 26, 2000, Burris issued and distributed a memorandum to the DCC staff warning them not to drink the water, even if boiled, because unsafe bacteria levels were found in the prison's water source. (D.I. 2, ¶¶ 53, 54.) Burris allegedly failed to warn the prisoners about the potential risk. (*Id.* at ¶ 54.) Wyant alleges that Burris was aware of the health and safety hazard between July 26, 2000 and August 11, 2000. (*Id.* at ¶ 55.) Burris

answered the complaint and, as one of her affirmative defenses, asserted that "[p]laintiff has failed to exhaust his administrative remedies. (D.I. 27.)

Burris subsequently moved to dismiss the claim raised against her. The court did not address Burris' sovereign immunity argument for dismissal as Wyant's opposition memorandum voluntarily dismissed all claims against the defendants in their official capacities. (D.I. 69 n.4.) The court denied the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and deferred ruling on the issue of qualified immunity. (D.I. 69.) Contrary to Wyant's position in his motion to strike, the motion to dismiss was not converted to a motion for summary judgment. (D.I. 69 at 4-5.)

Burris moves for summary judgment on the grounds that Wyant failed to exhaust all administrative remedies, she is immune from suit in her official capacity, Wyant's constitutional rights were not violated, and she is entitled to qualified immunity.[1] Wyant argues that the motion for summary judgment is legally and factually frivolous and barred by *res judicata*. (D.I. 150.) He further argues that Burris has failed to demonstrate there are no material issues of genuine fact and, nonetheless, discovery is incomplete. (*Id.*) He did not address the failure to exhaust issue. Burris filed a reply pointing out that Wyant did not address the exhaustion issue and Wyant responded by moving to strike the reply on the basis that she did not seek leave. (D.I. 151, 153.) Burris, however, is not required to seek leave to file a reply. *See* D. Del. LR 7.1.2(b). Therefore, the court will deny Wyant's motion to strike. (D.I.153.)

---

[1] The official capacity/immunity issue is moot as Wyant previously voluntarily dismissed said claim. (D.I. 52, ¶ 38; D.I. 69, n.4.)

## III. STANDARD OF REVIEW

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Biener v. Calio*, 361 F.3d 206, 210 (3d Cir. 2004). In reviewing summary judgment decisions, the appellate court views all evidence and draws all inferences in the light most favorable to the non-movant, affirming if no reasonable jury could find for the non-movant. *See Whiteland Woods, L.P. v. Township of West Whiteland*, 193 F.3d 177, 180 (3d Cir. 1999). Thus, a trial court should only grant summary judgment if it determines that no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986).

The party moving for summary judgment can satisfy its burden by showing that there is an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 257. Thus, summary judgment is particularly appropriate where the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. In this situation, it may be said that the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. DISCUSSION

One of Burris' grounds for summary judgment is that Wyant failed to exhaust his administrative remedies. The court will address the issue first as it is case dispositive.

As Burris correctly states, Wyant's claims clearly fall within the confines of the Prison Litigation Reform Act ("PLRA") and its exhaustion requirement. Wyant did not respond to this issue. However, in his objection and/or motion to strike Burris' reply he argues that the claim is "legally frivolous, impertinent, and manipulative." (D.I. 153.) He further argues that the motion for summary judgment on this issue must fail because Burris "raises an affirmative defense that has long since been waived, and is nevertheless grossly untimely and irrevocably prejudicial" to him. (*Id.*) Wyant contends that Burris should have raised the issue when she filed her motion to dismiss and, had she done so, the court "would have likely dismissed those claims without prejudice and thus given [him] an opportunity to complete the admini[strative] process." (*Id.*) Wyant argues that because Burris chose not to raise the issue, she deprived him of his ability to complete the administrative process and now it is too late. Wyant concludes that he is "irrevocably prejudiced because he is now precluded from both raising, filing, and exhausting this stale issue" under the inmate grievance process.

The court makes two observations. First, Burris' answer to the complaint contains the affirmative defense that Wyant failed to exhaust his administrative remedies. (D.I. 27, affirmative defense ¶ 5.) Second, Wyant concedes that he did not exhaust his administrative remedies. (D.I. 153, ¶ 2.(a).)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Under *Woodford v. Ngo*, 548 U.S. 81 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. As long as there is a shared factual basis between the two, perfect overlap between the grievance and a complaint is not required by the PLRA. *Jackson v. Ivans*, 244 Fed. Appx. 508, 513 (3d. Cir. 2007 (citing *Woodford*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). The PLRA does not require the grievance and complaint to be identical because inmates are required to complete the applicable administrative process (such as a grievance procedure) even when seeking a form of relief that the prison cannot provide, so long as the prison can afford some sort of relief. *See Booth v. Churner*, 532 U.S. 731 (2001). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004)).

Third Circuit case law makes clear that a prisoner must complete the administrative

review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.,* No. 07-2207, 2008 WL 2018435, at *4 (3d Cir. May 12, 2008) (citing *Williams,* 482 F.3d at 639; *Spruill,* 372 F.3d at 228, 231.) Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. DOC Policy 4.4 (revised May 15, 1998). First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review. *Id.*

The grievance process begins when the inmates files his written grievance. DOC Policy 4.4 at 5. The procedures requires submission of the grievance within seven (7) calendar days following the incident. *Id.* Wyant complains of actions taken by Burris between July 26, 2000 and August 11, 2000. When Wyant filed his complaint on July 9, 2002, some two years after Burris' alleged actions, he had not exhausted his administrative remedies. Nonetheless, he attempts to place his failure to exhaust upon Burris because she did not raise the issue in her motion to dismiss filed on February 25, 2005 - almost five years after the actions of which he complains - and posits had she done so he would have been able to exhaust his claims. (See D.I. 47.)

At the time he filed his complaint, Wyant had been incarcerated for twenty years and certainly he should be aware of prison rules for filing grievances within a given time period. (D.I. 2, ¶ 15.) Wyant cannot escape the fact that he failed to exhaust his administrative remedies, and his attempt to place the blame on Burris for that failure is unavailing. Wyant did not exhaust

his administrative remedies. For the foregoing reasons, the court will grant Burris' motion for summary judgment.[2]

## V. CONCLUSION

For the above reasons, the court will grant Burris' motion for summary judgment as Wyant failed exhaust his administrative remedies. (D.I. 146.) The court will deny Wyant's motion to strike defendant's reply. (D.I. 153.) An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 18, 2008
Wilmington, Delaware

FILED
SEP 18 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[2] The court sees no need to address the remaining issues raised by Burris in her motion for summary judgment.

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN J. WYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 02-1346-GMS |
| | ) |
| ELIZABETH BURRIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

At Wilmington this 18th day of Sept, 2008, for the reasons set forth in the Memorandum issued this date,

1. The defendant Deputy Warden Elizabeth Burris' motion for summary judgment is **GRANTED**. (D.I. 148.) The clerk of the court is directed to enter judgment in favor of the defendant Deputy Warden Elizabeth Burris and against the plaintiff.

2. Warren J. Wyant's motion to strike defendant's reply is **DENIED**. (D.I. 153.)

3. The clerk of the court is further directed to close the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE



FILED

SEP 18 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE